IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marisa Massey,<br><br>  Plaintiff,<br>vs.<br><br>Everest Asset Management, LLC, et al.,<br><br>  Defendants. | No. CV-12-01987-PHX-SPL<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR U.S. DISTRICT JUDGE:

Plaintiff Marisa Massey has filed an Amended Motion for Default Judgment (Doc. 25).[1] No response has been filed, and the time to do so has expired. See LRCiv 7.2(c).

On November 28, 2012, Plaintiff filed an amended complaint against Defendants Everest Asset Management, LLC, Value Healthcare Management, LLC, and Bitach Capital Management Incorporated, asserting violations of the Fair Debt Collections Practices Act (FDCPA). (Doc. 7.) Defendants were served on December 10, 2012 (Doc. 12), December 14, 2012 (Doc. 13), and January 10, 2013 (Doc. 16), respectfully. However, none of the Defendants have appeared in this case. Because Defendants have never appeared, it may be fairly assumed that they have not consented to Magistrate Judge jurisdiction. Accordingly, the undersigned submits this recommendation to the presiding District Judge for the purpose of entering a case dispositive order. For the

---

[1] In an Order dated April 9, 2013 (Doc. 22), this Court denied Plaintiff's Motion for Default Judgment (Doc. 21), but granted her leave to file an amended Motion for Default Judgment.

reasons that follow, the Court will recommend that the Motion for Default Judgment be granted.

Because Defendants' default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure (see Doc. 19), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court considers in deciding whether to grant default judgment include: (1) the possibility of prejudice to Plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these Eitel factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

In light of the executed summons documents (Doc. 12, 13, 16), the Court finds that each Defendant has been properly served as required by Rule 4 of the Federal Rule of Civil Procedure. Defendants have not made an appearance in this case, and the allegations are undefended. Having considered Plaintiff's motion, which addresses each of the Eitel factors (see Doc. 25 at 5-11), the Court finds that granting default judgment for Plaintiff is appropriate. The material facts required to establish violations of the FDCPA have been sufficiently pled against the Defendants. (See Doc. 7.) Although personal service was made, Defendants have failed to appear and defend this suit for approximately six months. Consequently, the Court concludes that Defendants' default is not due to excusable neglect. Moreover, the complaint alleges repeated violations of the FDCPA by Defendants, and their absence from this case precludes a decision on the merits. Accordingly, the Court will take all factual allegations in Plaintiff's complaint, except those relating to the amount of damages, as true.

The Court further finds that it has federal-question jurisdiction under 28 U.S.C. §

1331, that venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in this judicial district, and that it has personal jurisdiction over Defendants because their conduct caused harm in this district and they had or should have had an expectation to be hauled into court in this district. In sum, the Court finds the Defendants liable for the conduct alleged.

Having determined liability, the remaining issue is appropriate relief. In a default judgment action, the amount of damages will not automatically be assumed true. See Geddes, 559 F.2d at 560 (stating that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Here, Plaintiff requests costs and attorney fees as well as statutory damages. The costs and attorney fees are well-documented (see Doc. 25), the Court finds the evidence satisfactory and the fees to be reasonable, and recommends that the award of costs and attorney fees be granted as requested, 15 U.S.C. § 1692k(a)(3). The Court recommends that Plaintiff be awarded $624.10 for costs and $4,705.00 in reasonable attorney fees, for a total amount of $5,329.10. As to statutory damages, the FDCPA permits a statutory award of up to $1,000.00 against each liable debt collector. 15 U.S.C. § 1692k(a)(2)(A). Representatives of Everest Asset Management, who acted on behalf of the Defendants, made three calls to Plaintiff and left four voicemails. In doing so, the callers failed to meaningfully disclose their identity. In light of these findings, the Court further recommends that Plaintiff be awarded statutory damages in the amount of $1,000.00.

Accordingly,

**IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Amended Motion for Default Judgment (Doc. 25) be **granted**;
2. That Plaintiff be awarded costs and attorney fees in the amount of $5,329.10 against Defendants jointly and severally; and
3. That Plaintiff be awarded statutory damages in the amount of $1,000.00 against Defendants jointly and severally.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

Dated this 31st day of May, 2013.

Honorable Steven P. Logan
United States Magistrate Judge